IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-76,378-01, -02, -03 & -04






EX PARTE ROBERT FLORES SAMANIEGO, JR., Applicant








ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS


CAUSE NOS. CR-08-075, CR-08-076, CR-08-077 & CR-08-078 


IN THE 22ND DISTRICT COURT

FROM HAYS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of four counts
of aggravated assault and sentenced to eighteen years' imprisonment on each count. The Third Court
of Appeals affirmed his convictions. Samaniego v. Texas, Nos. 03-09-00195-CR, 03-09-00196-CR,
03-09-00197-CR & 03-09-00198-CR (Tex. App.-Austin June 10, 2010, pet. ref'd). 

 Applicant contends, among other things, that trial counsel rendered ineffective assistance
because he failed to object to the admission of extraneous offense evidence. Applicant has alleged
facts that, if true, might entitle him to relief. Strickland v. Washington, 466 U.S. 668 (1984); Ex parte
Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these circumstances, additional facts are
needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial
court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond
to Applicant's claim. The trial court may use any means set out in Tex. Code Crim. Proc. art.
11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether the
performance of trial counsel was deficient and, if so, whether his deficient performance prejudiced
Applicant. The trial court shall also make any other findings of fact and conclusions of law that it
deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: September 21, 2011

Do not publish